IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RICHARD C. JOHNSON,                )
                                   )
                Plaintiff,         )
                                   )   CIVIL ACTION
v.                                 )
                                   )   No. 04-4172-SAC-JTR
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social Security,   )
                                   )
                Defendant.         )
_____   )


REPORT AND RECOMMENDATION


        Plaintiff seeks review of a final decision of the
Commissioner of Social Security (hereinafter Commissioner)
denying supplemental security income under sections 1602 and
1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 1381a,
and 1382c(a)(3)(A)(hereinafter the Act).  The matter has been
referred to this court for a report and recommendation.  The
court recommends the Commissioner's decision be REVERSED and
the case REMANDED for further proceedings as explained herein.

I.    Introduction

        Plaintiff's application for supplemental security income
was denied initially and upon reconsideration.  (R. 19, 375-
76).  On August 7, 2003 plaintiff and a vocational expert

testified at a hearing before an Administrative Law Judge
(ALJ).  (R. 19, 722-56).  At the hearing, plaintiff was
represented by an attorney.  (R. 19, 722).  On November 28,
2003, the ALJ filed a decision in which he found that
plaintiff has the capacity to perform jobs existing in
significant numbers in the economy and is, therefore, not
disabled within the meaning of the Act.  (R. 19-24).  He
denied plaintiff's application.  (R. 24).

Plaintiff sought and was denied Appeals Council review of
the decision.  (R. 666-70, 12-14).  Therefore, the ALJ's
decision is the final decision of the Commissioner.  (R. 12);
Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003).
Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C.
§ 1383(c)(3).  Section 405(g) of the Act provides, "The
findings of the Commissioner as to any fact, if supported by
substantial evidence, shall be conclusive."  The court must
determine whether the factual findings are supported by
substantial evidence in the record and whether the ALJ applied
the correct legal standard.  White v. Barnhart, 287 F.3d 903,
905 (10th Cir. 2001).  Substantial evidence is more than a
scintilla, but less than a preponderance, it is such evidence

as a reasonable mind might accept to support the conclusion. Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R.

§ 416.920 (2003); <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1142 (10th Cir. 2004); <u>Ray</u>, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). <u>Id.</u> at 750-51. The Commissioner next assesses claimant's RFC. 20 C.F.R. § 416.920. This assessment is used at both step four and step five of the process. <u>Id.</u>

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether he is able to perform other work in the national economy. <u>Williams</u>, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs

-4-

in the national economy within plaintiff's capacity.   Id.;
Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff makes only one claim of error here.  He claims
that the ALJ failed to apply the correct legal standard when
he failed to identify and obtain a reasonable explanation for
conflicts between the testimony of the vocational expert (VE)
and the Dictionary of Occupational Titles (DOT).  Plaintiff
argues this is reversible error because there are actual
conflicts here between the VE testimony and the DOT.
Specifically, plaintiff claims the ALJ assessed an RFC for
sedentary work and the VE testified regarding four
representative jobs that are available, but the DOT classifies
those jobs as light work.  The Commissioner admits that the
ALJ did not ask the VE whether her testimony was consistent
with the DOT, but argues that the error is harmless because
there is no conflict regarding three of the jobs, and both the
VE testimony and the DOT listing regarding the fourth job
(electronics assembler) are consistent with the ALJ's RFC
assessment.  (Comm'r Br., 5).

III.     Standard for Accepting Vocational Expert Testimony

In November, 1999, the Tenth Circuit addressed the issue
regarding conflict between VE testimony and information in the
DOT.  Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999).

-5-

Before an ALJ may rely on VE testimony, he has a duty to ask the VE how the VE's testimony corresponds with the DOT and to elicit a reasonable explanation for any discrepancy.  Haddock, 196 F.3d at 1089.  The court made clear that the DOT does not "trump" VE testimony, but rather the ALJ has a duty to investigate and get a reasonable explanation before he may rely on the VE testimony.  Id. at 1091.

On June 20, 2000, the Commissioner published Acquiescence Ruling 00-3(10) in which she explained that she would apply the holding of Haddock within the Tenth Circuit although that holding conflicts with her interpretation of the Act. Acquiescence Ruling 00-3, West's Soc. Sec. Rep. Serv., Rulings, 454 (2005 Supp.).  The Commissioner explained the conflicting interpretations:  "Unlike the court's holding, our procedures do not place an affirmative responsibility on the ALJ to ask the expert about the possibility of a conflict between the evidence that he or she provides and the information in the DOT."  Id., at 458.  In the acquiescence ruling, the Commissioner indicated her intent to publish a social security ruling clarifying the regulations at issue and stated that she might rescind the acquiescence ruling after the clarification.  Id.

-6-

Thereafter, the Commissioner published <u>Soc.</u> <u>Sec.</u> <u>Ruling</u> (SSR) 00-4p, effective December 4, 2000.  SSR 00-4p, West's Soc. Sec. Rep. Serv., Rulings, 242 (Supp. 2005).  The Commissioner rescinded <u>Acquiescence Ruling</u> 00-3(10), and in SSR 00-4p, placed two duties on the ALJ.  First, the ALJ must "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the . . . (SCO)." <u>Id.</u>  Second, the ALJ was given the duty to "[e]xplain in the determination or decision how any conflict that has been identified was resolved."  <u>Id.</u>  Ruling 00-4p places the affirmative responsibility on the ALJ to "[a]sk the VE . . . if the evidence he or she has provided conflicts with information provided in the DOT," and, where VE "evidence appears to conflict with the DOT, . . . [to] obtain a reasonable explanation for the apparent conflict."  <u>Id.</u> at 246.

**IV. Analysis**

Here, the ALJ failed to perform his duties pursuant to SSR 00-4p or <u>Haddock</u>.  As both plaintiff and the Commissioner point out, courts have recognized that such error may be

-7-

harmless.  (Pl. Br., 14) (citing <u>Cobbs v. Barnhart</u>,[1] No. Civ.
A. 03-2203-GTV, 2004 WL 2218387, *8 (D. Kan. Sept. 28, 2004),
and <u>Bivines v. Barnhart</u>, No. 03-1580-JWL, 2004 WL 1771595, *3
(D. Kan. Aug. 6, 2004)); (Comm'r Br., 4) (citing <u>Cobbs</u>, 2004
WL 2218387, at *8, and <u>Hodgson v. Barnhart</u>, No. 03-185-B-W,
2004 WL 1529264, *2-3 (D. Me. June 24, 2004)).

The ALJ found, as testified by the VE, that plaintiff is
capable of performing sedentary jobs as an electronics
assembler, optical goods assembler, telephone solicitor, or
cashier.  (R. 23).  The VE testified that an individual with
the RFC found by the ALJ could "Basically perform a full range
of sedentary work," and that electronics assembler, optical
goods assembler, phone solicitor, and cashier are good
examples of such work.  (R. 753).  Plaintiff acknowledges that
a job as a telephone solicitor is a sedentary occupation but
asserts that the DOT lists electronics assembler, optical
goods assembler, and cashier as light occupations.  (Pl. Br.,
16) (citing DOT job classification numbers 726.684-018,

---

[1]Plaintiff erroneously cited this case as "<u>Gibbons v.
Barnhart</u>, 2004 WL 221837," but later gave the correct pinpoint
citation, "2004 WL 2218387 at *8."  He then asserted that
Judge Lungstrum, in <u>Bivines</u>, cited the <u>Gibbons</u> opinion.  (Pl.
Br., 14).  The <u>Gibbons</u> opinion cited by Judge Lungstrum in
<u>Bivines</u> is a Tenth Circuit opinion, <u>Gibbons v. Barnhart</u>, No.
03-6021, 2003 WL 22969357, at *4 (10th Cir. Dec. 18, 2003).
<u>Bivines</u>, 2004 WL 1771595 at *3.

711.381-010, and 211.462-014, respectively).[2]  Plaintiff
argues that this is an actual conflict sufficient to require
remand for failure to identify how the conflict was resolved.
Id., at 16-17 (citing Hackett v. Barnhart, 395 F.3d 1168, 1176
(10th Cir. 2005)).  The Commissioner argues that the DOT lists
optical goods assembler, telephone solicitor, and cashier as
sedentary jobs and, as to those jobs, there is no conflict
between the VE testimony and the DOT.  (Comm'r Br., 4, 5)
(citing DOT job classification numbers 211.362-010, 299.357-
014, and 713.684-034, respectively).  The Commissioner
acknowledges that electronics assembler is listed in the DOT
only as a light occupation, but argues that it is consistent
with the ALJ's RFC assessment.  (Comm'r Br., 5) (citing DOT
job classification number 726.684-018).  Therefore, the
Commissioner argues, remand would be an "empty exercise"
because the VE testimony is in fact consistent with the DOT.
Id., at 4-5.

     The parties' arguments establish three facts.
(1) Telephone solicitor is a sedentary occupation.  DOT
299.357-014, available on Westlaw at DICOT 299.357-014.

---

     [2]Dictionary of Occupational Title (DOT) listings are
available on the Westlaw database by using the find function
and inserting "DICOT" with the job classification number,
e.g., DICOT 726.684-018.  A search of the DOT may be made
using the "DICOT" database.

(2) Electronics assembler is a light occupation.  Electronics Assembler, DOT 726.684-018, available on Westlaw at DICOT 726.684-018; Electronics Assembler, Developmental, DOT 726.261-010, available on Westlaw at DICOT 726.261-010.

(3) Optical goods assembler or cashier may be classified as either light or sedentary occupations.  Optical-Instrument Assembler (Optical Goods Industry) (light), DOT 711.381-010, available on Westlaw at DICOT 711.381-010; Multifocal-Lens Assembler (Optical Goods Industry) (sedentary), DOT 713.684-034, available on Westlaw at DICOT 713.684-034; Cashier-Checker (light), DOT 211.462-014, available on Westlaw at DICOT 211.462-014; Cashier (sedentary), DOT 211.362-010, available on Westlaw at DICOT 211.362-010.[3]

In an unpublished opinion, the Tenth Circuit indicated its agreement with the Fifth Circuit that the "pertinent issue" in cases where plaintiff alleges conflict between VE testimony and the DOT "'is whether there is substantial evidence supporting the Commissioner's determination that this particular person can do this particular job or group of jobs.'"  Gibbons v. Barnhart, No. 03-6021, 2003 WL 22969357,

---

[3]The court notes that the Westlaw "DICOT" citation appears to include information about the listed occupation which comes from the Appendices and the Selected Characteristics of Occupations.

-10-

at *4 (10th Cir. Dec. 18, 2003) (quoting <u>Carey v. Apfel</u>, 230
F.3d 131, 146-147 (5th Cir. 2000)).  Because the DOT contains
job classifications showing that telephone solicitor, optical
goods assembler, and cashier are sedentary occupations, which
is consistent with the VE testimony, the court finds that
substantial evidence in the record as a whole supports the
ALJ's decision to accept the VE testimony to that effect.
However, the DOT's classification of electronics assembler as
a light occupation is in conflict with the VE testimony that
electronics assembler is a sedentary occupation.

    The Commissioner's argument implies that this conflict is
only "apparent" and not real because "light work is consistent
with the ALJ's residual functional capacity finding."  (Comm'r
Br., 5).  The ALJ's finding that plaintiff is able to "lift
and/or carry 20 pounds occasionally and 10 pounds frequently,"
(R. 24) meets the lifting and carrying requirements of light
work generally and electronics assembler in particular.  20
C.F.R. § 416.967(b); DOT 726.684-018, available on Westlaw at
DICOT 726.684-018.  However, Appendix C to the DOT states:

> a job should be rated Light Work: (1) when it
> requires walking or standing to a significant
> degree; or (2) when it requires sitting most of the
> time but entails pushing and/or pulling of arm or
> leg controls; and/or (3) when the job requires
> working at a production rate pace entailing the
> constant pushing and/or pulling of materials even
> though the weight of those materials is negligible.

-11-

DOT, App. C, available on Westlaw at DICOT 726.684-018.  The
listing or the Appendix does not state which of the three
potential criteria apply to rate this particular job light
work.  However, the ALJ found that plaintiff can only "stand
and/or walk for 15 minutes at a time for two hours in an eight
hour day." (R. 23).  It is not clear whether plaintiff is
able to stand or walk sufficiently to meet the requirements of
this job.  The DOT lists the job as light work; the VE stated
it is sedentary.  This is a conflict for which there is no
evidence in the record to reach a resolution.  Neither this
court nor the ALJ is qualified to determine the specific
standing and walking requirements of an electronics assembler
job, or the criterion used as the basis for rating this job as
light work.  Therefore, the ALJ's failure to ask the VE, and
to explain how the conflict was resolved is an error which
affects plaintiff's claim and cannot be considered harmless.
The case must be remanded for the Commissioner to seek
vocational expertise to make a determination whether the job
of an electronics assembler may be performed by an individual
with plaintiff's RFC.

        The Commissioner does not argue that the three jobs about
which the DOT and the VE agree would, by themselves, comprise
a significant number of jobs in the national economy of which

plaintiff is capable.  As the Commissioner notes, plaintiff's argument that the inability to stoop also demonstrates a conflict is precluded by the fact that the issue was specifically addressed at the hearing.  (R. 753, 754-55).  Plaintiff does not point to a listing in the DOT which is contrary to the VE's testimony in that regard.

**IT IS THEREFORE RECOMMENDED** that the decision of the Commissioner be REVERSED and this case be REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 26th day of September 2005, at Wichita, Kansas.


s/John Thomas Reid

**JOHN THOMAS REID**
**United States Magistrate Judge**


-13-