IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD C. JOHNSON,

        Plaintiff,

Vs.                                                          No. 04-4172-SAC

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

        Defendant.

MEMORANDUM AND ORDER

This social security appeal comes before the court on the magistrate judge's report and recommendation.[1] The Commissioner denied plaintiff's application for supplemental security income ("SSI") benefits, and the magistrate recommends reversing and remanding that decision. The Commissioner has timely objected to the report and recommendation.

**Standard of review**

"De novo review is statutorily and constitutionally required

---

[1] The court referred this administrative appeal to the United States Magistrate Judge for report and recommendation, which the Magistrate Judge filed on September 26, 2005.

when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). Rule 72(b) of the Federal Rules of Civil Procedure requires a district judge to "make a de novo determination upon the record ... of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law. *See Campbell v. United States District Court for the Northern Dist. of California*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974). The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations. *See Andrews v. Deland*, 943 F.2d 1162, 1170 (10th Cir. 1991) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)), *cert. denied*, 502 U.S. 1110 (1992). When review is de novo, the district court is " 'free to follow ... or wholly ... ignore' " the magistrate judge's recommendation, but it " 'should make an independent determination of the

issues' " without giving " 'any special weight to the prior' " recommendation. *Andrews*, 943 F.2d at 1170 (quoting *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988)). In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate with instructions. *See* 28 U.S.C. § 636(b)(1)(C) (1994).

A five-step sequential process is used in evaluating a claim of disability. *Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988). If the claimant bears his burden of proof on the first four steps, he establishes a prima facie case of disability. *Williams*, 844 F.2d at 751. The burden of proof then shifts to the commissioner at step five to show that the claimant retains the residual functional capacity ("RFC") to perform other work available in the national economy, considering such additional factors as age, education, and past work experience. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir.1989). The Commissioner is entitled to deny benefits to a social security claimant if he finds that the claimant can "engage in ... substantial gainful work which exists in the national economy." 42 U.S.C.

§ 423(d)(2)(A).  The commissioner satisfies this burden if substantial evidence supports it.  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.

**Procedural background**

At the hearing on plaintiff's application for benefits, the vocational expert testified that a person with plaintiff's RFC could perform a full range of sedentary work.  Dk. 8, p. 753.  As examples of the kind of jobs within that category, the expert offered electronics assembler, telephone solicitor, optical goods assembler, and cashier.   The expert was then asked: "Q.  Okay.  Numbers, please," and gave the following response:

> A.  Yes, sir.  Optical goods assembler, state of Kansas; 190, nationally 11,000.  Electronics assembler, state of Kansas; 270, nationally 28,000.  Cashier, state of Kansas; 1,600, nationally 165,000.  Phone solicitor, state of Kansas; 1,250, nationally 36,000.

Dk. 8, Tr. p. 754.  The court interprets this testimony to mean, for example,

that 190 optical goods assembler positions exist in Kansas and 11,000 such positions exist nationally. This testimony was apparently introduced for the purpose of establishing that the stated occupations comprise a significant number of jobs in the local or national economy.

The ALJ denied plaintiff's application for benefits, finding among other matters, that plaintiff's allegations regarding his limitations were not totally credible, that plaintiff had the RFC to perform a significant range of sedentary work, and that based on plaintiff's vocational profile, age, education and work experience, he could "perform jobs that exist in significant numbers in the national economy." Dk. 8, Hearing Dec. p. 23-24. The ALJ did not specify which particular jobs he based his ruling on.

In reviewing the Commissioner's decision, the magistrate judge accepted the vocational expert's testimony that the occupations of telephone solicitor, optical goods assembler, and cashier are sedentary occupations which plaintiff was capable of performing. However, the

magistrate found the Dictionary of Occupational Titles (DOT)[2] listed the job of electronics assembler as light work, rather than sedentary. Therefore, as a matter of law, the ALJ was not entitled to rely on the expert's identification of electronics assembler jobs to support the Commissioner's burden at step five.  *See Carson v. Barnhart*, 140 Fed. Appx. 29, 37 (10th Cir. 2005).  No other evidence established whether the job of electronics assembler could be performed by an individual with plaintiff's residual functional capacity.

The magistrate found that "[t]he Commissioner does not argue that the three jobs about which the DOT and VE agree would, by themselves, comprise a significant number of jobs in the national economy of which plaintiff is capable."  Dk. 19, p. 12-13. Accordingly, the Magistrate Judge recommended remand to seek more vocational expertise as to whether the job of electronics assembler could be performed by an individual with plaintiff's residual functional capacity.  Dk. 19, p. 12.  The

---

[2]U.S. Dep't of Labor, Employment & Training Admin., Dictionary of Occupational Titles (4th ed.1991).

Magistrate did not dispute that the number of electronics assembler positions, when added to the three other jobs, would comprise a significant number of jobs in the national economy.

The sole issue raised in defendant's objection is whether the magistrate erred in so finding. Dk. 19, p. 12-13. The defendant Commissioner contends that its argument was intended to convey, and the evidence supports a finding, that even if plaintiff could not perform the job of electronics assembler, plaintiff could perform the three remaining jobs of optical goods assembler, phone solicitor, and cashier, which constitute a significant number of jobs in the national economy. Tr. 753-54.

Review of the Commissioner's brief on appeal supports defendant's position. Dk. 17. Therein defendant contended:

> ... the DOT confirms that the jobs of optical goods assembler, telephone solicitor and cashier are sedentary positions as identified by the vocational expert. (Citations omitted.) There is no apparent conflict between the vocational expert's testimony and the DOT regarding the jobs of optical goods assembler, telephone solicitor or cashier. ...Remand would be an empty exercise as the DOT supports a finding that Plaintiff can perform the sedentary jobs of ... optical goods assembler, telephone solicitor and cashier. (Citations omitted.)

Dk. 17, p. 5.

Defendant's brief is less clear in contending that the three jobs noted above would comprise a significant number of jobs in the national economy. It nowhere states that the three jobs alone would constitute a significant number of jobs in the national economy, perhaps because numerosity was not perceived to be challenged. Nonetheless, the court finds the numerosity argument inherent in the Commissioner's contention that "remand would be an empty exercise since the DOT supports a finding that Plaintiff can perform the sedentary jobs of ... optical goods assembler, telephone solicitor and cashier." Remand would not be an empty exercise unless the plaintiff could perform those three sedentary jobs *and* those three jobs existed in significant numbers in the national economy. The court therefore agrees that the Commissioner sufficiently presented that argument.

The court thus examines whether sufficient evidence supports the contention that the jobs of optical goods assembler, telephone solicitor and cashier comprise a significant number of jobs in the national economy.

For purposes of 42 U.S.C. § 423(d)(2)(A), " 'work which exists in the national economy' means work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country." *Id*.

No bright line rule establishes a specific number of jobs necessary to meet that criteria. Instead, various factors are to be examined in the court's determination whether a given number of jobs is significant. As the Tenth Circuit explained:

> This Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a "significant number" and rejects the opportunity to do so here. Our reluctance stems from our belief that each case should be evaluated on its individual merits. Notwithstanding our reluctance, we note that several factors go into the proper evaluation of significant numbers. The Eighth Circuit has succinctly stated these factors:
>> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling (sic) to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)). "The decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." [FN11] *Id.*

9

*Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (affirming that a range of 850 to 1100 potential jobs that appellant is capable of performing constitutes a significant number of jobs).

The ALJ and the magistrate did not challenge the reliability of the vocational expert's testimony as to the numbers of jobs existing. The vocational expert established that there are 190 optical goods assembler positions, 1,600 cashiers positions, and 1,250 phone solicitor positions, which would total 3,040 such positions in Kansas. She additionally testified that there are 11,000 optical goods assembler positions, 165,000 cashier positions, and 36,000 phone solicitor positions in the nation. These three national sedentary positions total 212,000. Thus the range of jobs which plaintiff is capable of performing is from 3,040 in Kansas to 212,000 nationally. This is sufficient to show that the work exists in significant numbers, *see* 20 C.F.R. §§ 404.1566(b), 416.966(b), and viewed in conjunction with other uncontested facts, adequately meets the Commissioner's burden at step five. *See Skaggs v. Apfel*, 189 F.3d 478, 1999 WL 694281, *2, n. 3 (10th Cir. 1999) (finding VE's testimony that

plaintiff could work as a counter clerk, cashier, and information clerk and such positions exist in the national economy and within Oklahoma in significant numbers, sufficient to meet the Commissioner's burden at step five, even if one of three positions was erroneously included); *Nunn v. Apfel*, 149 F.3d 1191, 1998 WL 321189, *2 (10th Cir. 1998) (Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken, if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled).

IT IS THEREFORE ORDERED that the Commissioner's objection to the magistrate's report and recommendation is granted, the report and recommendation is accepted and adopted except as noted above, and the decision of the Commissioner is affirmed.

Dated this 8th day of November, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge